IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| STEVEN SMITH, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | |
| vs. | ) | C.A.No. 08-233 Erie |
| | ) | District Judge McLaughlin |
| DEPUTY HALL, et al., | ) | Chief Magistrate Judge Baxter |
| Defendants | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I      RECOMMENDATION**

It is respectfully recommended that Plaintiff's motion for temporary restraining order [Document # 1] be denied.

**II     REPORT**

Plaintiff has filed a motion for temporary restraining order, a matter on which this Court conducted a telephonic hearing, prior to receiving the correct initial filing papers. In his motion for injunctive relief, Plaintiff seeks to have this Court issue an order requiring treatment for his Hepatitis C condition. During the hearing, Plaintiff also sought Court intervention in his efforts to be released from the Restricted Housing Unit (RHU).

Plaintiff's underlying Complaint is brought against Deputy Hall, Deputy Giroux, Rebecca Kessler, and Patty McKissock, all employees at the State Correctional Institution at Albion where Plaintiff is incarcerated. Plaintiff's Complaint charges:

>   1) retaliation for filing grievances and complaints against officials at the
>   institution regarding "medical malpractice, and criminal culpable homiside (sic) in

> the guise of medical malpractice;"

> 2) delay of five years for treatment of his Hepatitis C condition;

> 3) verbal harassment and threats because of his Jewish faith; and,

> 4) confiscation of his legal papers.

For relief, Plaintiff seeks a return to general population, treatment for Hepatitis C, and an end to the alleged harassment and retaliation. He also seeks release to a Veterans Hospital, where he could be treated for the Hepatitis C.

During the hearing, the Assistant Attorney General, appearing on a limited basis before service of the Complaint, described the lengthy preparation and evaluation, both medical and psychiatric, necessary to treat Hepatitis C with Interferon because of the dangerousness of the treatment. Apparently, Plaintiff was cleared for the treatment after undergoing this review on two occasions, and most recently was sent to SCI Forest for treatment. Defendants claim that he refused treatment at SCI Forest, so was sent back to SCI Albion untreated. Defendants also argue that he refused treatment the first time he was cleared for it as well.

In response, Plaintiff disagrees that he refused treatment. First, he claims that Interferon causes him to grow tumors, so he charges that the medical personnel at SCI Forest refused to treat him after he told them that he authorized his family to sue them if the treatment killed him. Plaintiff is under the impression that the only viable treatment option is to be released to a VA Hospital where he expects to get the best care.

The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. <u>Fink v. Supreme Court of Pennsylvania</u>, 646 F.Supp. 569, 570 (M.D.Pa. 1986). The district court must consider: (1) the

reasonable likelihood of success on the merits; (2) the extent of irreparable injury to the movant from the alleged misconduct; (3) the extent of harm to the non-movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990).

Initially, it is the movant's burden to demonstrate **both**: (1) that he is reasonably likely to succeed on the merits and (2) that he is likely to experience irreparable harm without the injunction. Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir.2000). If both of these factors are shown, the effect on the nonmoving parties and the public interest (the third and fourth prongs) may be considered by the court. Id. at 484. However, if the record does not support a finding of **both** irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.Appx. 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an injunction, even if a movant's showing on the other two factors is lacking. Id. The burden of introducing evidence to support a preliminary injunction is on the moving party with respect to the first two factors; however, the same is not true of the second two factors. Id.

**Likelihood of Success**

In this case, Plaintiff has very little likelihood of success on the merits as it appears that he is receiving treatment, or the opportunity for treatment, of his Hepatitis C. The treatment is not without risks, however, which requires a complete evaluation of the patient's ability to withstand the treatment, as well as a psychological clearance. Plaintiff's belief that he will get better treatment at a VA Hospital is not enough to state a Constitutional claim under the Eighth Amendment.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[1] involves the "unnecessary and wanton infliction of pain." <u>Estelle</u>, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" <u>White v. Napoleon</u>, 897 F.2d 103, 109 (3d Cir. 1990).

---

[1] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." <u>Monmouth County Correction Institute Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). "[M]ere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation. White, 897 F.2d at 110. Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977).

Defendants have acted appropriately in evaluating Plaintiff for treatment for his Hepatitis C condition, and Plaintiff's preference to be treated in another facility is not dispositive under the Constitutional analysis above. Further, no irreparable harm has been shown as Plaintiff has had this disease for some time, and has interfered with prior treatment attempts.

## III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for temporary restraining order [Document # 1] be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate

rights. See Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).


                                        S/ Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        Chief United States Magistrate Judge


Dated: December 19, 2008