IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN SMITH )<br>  Plaintiff )<br> )<br>vs. )<br> )<br>DEPUTY HALL, et al., )<br> )<br>  Defendants. ) | C.A.No. 08-233 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to close this case and terminate all pending motions.

**II. REPORT**

  **A. Relevant Procedural History**

Plaintiff, an inmate within the state correctional system, filed this civil action on August 13, 2008, by filing only a motion for temporary restraining order without an accompanying complaint.

In a telephonic hearing held on August 28, 2008, regarding the motion for temporary restraining order, Plaintiff was warned that he must file an actual complaint in this matter as soon as possible.

By Order dated December 19, 2008, Plaintiff was directed to file a complaint immediately. The Order warned that Plaintiff's failure to file a complaint before January 7, 2009 would result in the dismissal of this action for failure to prosecute.

On January 8, 2008, Plaintiff requested an extension of time in which to file his complaint. This Court granted Plaintiff's motion and allowed him until January 29, 2009 in which to file the complaint. The Order warned that no further extensions of time would be granted as Plaintiff initiated this lawsuit in August of 2008, but has yet to file his complaint.

As of today's date, Plaintiff has failed to file a complaint.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Correctional Officer., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has ignored orders by this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to close this case and

terminate all pending motions.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                           S/Susan Paradise Baxter
                                           SUSAN PARADISE BAXTER
                                           CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: February 4, 2009